Day, J.
In this case, both, plaintiff and defendant claim the exclusive right to operate for and produce oil and gas on a 155 acre tract of land, situate in Biglick township,Hancock county, and known as the Roller farm. Both.claim in virtue of separate and distinct leases, or oil contracts, made and delivered by the owners of the land, on separate and distinct dates. Each lease is made upon a good and sufficient consideration thereunto moving, and is duly acknowledged and recorded. The instrument which forms the basis of plaintiff’s claim is of date July 1897; and that of defendant, of December 1895. These instruments, if valid, supply a substantial basis, upon which to rest the claim of both plaintiff and defendant. There was a ques *295 tion made as to defendant’s ownership of the lease of 1895, but the evidence clearly and conclusively establishes his right to its benefits. Plaintiff does not controvert, but substantially concedes the validity of the lease of 1895, at the beginning and for months after its execution; but asserts the claim that by virtue of certain provisions of forfeiture contained in it, the entire lease has become forfeit; and if not, that then it has become forfeit, at least, in part, and that in consequence of such forfeiture, his lease of 1897 has become valid and subsisting as to all, or a part, of the 'farm in question; the extent of the validity of the lease of 1897, depending entirely upon the extent to which the first lease has become forfeited and void. Forfeiture, either in whole or in part, is denied by the plain tiff, and so the precise question we have for decision is, has the lease of 1895 become forfeit in whole or in part; and, if forfeit, to what extent;
The provisions of the lease of 1895, necessary to be noticed in determining the question presented, are as follows:
“If no well-is completed within three months from this date, (Dec. 18, 1895),then this grant shall become null and void, unless second party shall pay to first party $39,00 in advance for each three months thereafter such completion is delayed.
“Second party agrees to protect the lands contained in this grant against all paying-oil wells drilled on- adjoining property. If the first well is a paying well, a second well shall.be completed by July 1, 1896, and a third well by September 18, 1896. If these three wells are not completed within the time specified, twenty two acres of this grant shall be forfeited for each well not so completed. Second party agrees to complete four wells the second year, two the first six months of the second year,and two of them the last six months of the second year. If the. four wells are not completed within the time specified, twenty two acres of this grant shall be forfeited for each well not so completed.” * * * “If no well is completed within *296 nine months from the date of this grant, this grant' cannot be continued by the rental heretofore named, and is null and void. ”
There is no dispute as to the facts in the case. It is a fact that the first well stipulated for in the lease, was drilled to completion about June 1896. It was not a paying well; neither oil or gas was found therein in any quantity. No other wells were drilled until in August, 1897, and since then, to the time of the hearing in this court, three wells have been drilled, all of them yielding oil in paying quantities.
Considering these conceded facts in connection with the stipulations of the lease for a first well within nine months from its date; and for two wells, in July and September, 1896, if the first well was a paying one, and the conclusion seems imperative that, by completing the first well before the expiration of nine months from the date of the lease, in June 1896, the grant was saved from becoming null and void, in toto, and the integrity of the lease was made absolute for the full term specified therein, subject, of course, to the other conditions of forfeiture contained in it. The first well drilled, not being a paying one, as the stipulation provides, there was no requirement to drill a second and third well in July and September, and the provision for forfeiting twenty two acres for each of the three wells not drilled the first year, was obviated, and no forfeiture can properly be declared on that account.
The provision for four wells the second year, two in the first six months and two in the last six months of the year, and a forfeiture of twenty two acres for each well not completed within the time specified, is not so clear and easily disposed of as the provision for the first year. A more difficult proposition is presented provoking some discussion and some difference of opinion as to the proper disposition of it.
The first part of the agreement is that four wells shall be *297 drilled the second year. That would be easy enough if it were all, but it is not; for following that agreement is a stipulation that two of the wells are to be drilled in the first six months and two the last six months of the second year; and then follows the provision of forfeiture: “If the four wells are not drilled by the time specified,’’ twenty two acres for each shall be forfeit. Which time specified? The second year? or the iirst and second six months of the second year? Plaintiff insists that the time contemplated by the parties, and specified, is the first and second six months of the second year; and that by failing to drill two wells the first six months there became forfeit forty-four acres of this tract of land. That claim is, perhaps, not tenable. It seems more likely the time intended by the contracting parties, upon which a forfeiture should operate in case of failure to perform, was that specified as the second year, and that the division of that time into two parts was directory only, and for the convenience of the parties to the contract. The wording of that provision of the lease seems to enforce this view. The provision is for four wells the second year,and the stipulation of forfeiture is: “if four wells are not completed within the time specified’’ forfeiture shall result,etc. There is no provision of forfeiture if two wells are not completed in the first six months of the second year and two in the last six months. Forfeiture is very rarely decreed or enforced, unless specifically provided for by the contract. To call for such action,forfeiture must be clearly nominated in the contract. It is not believed that by the phrase, “time specified,’’ the parties intended both times, second year, and first six and last six months of the second year; for the two might be inconsistent and conflict and confusion might arise. It is possible to complete four wells the second year, and none of them in the first six months of the year. In such case the driller, would have complied with his contract to make four wells in the second year, and *298 jet suffer forfeiture of a large portion of his leasehold estate, if plaintiff’s contention be correct and is allowed. A majority of the court is of the opinion, that if four wells were completed within the second year, without reference to the first or last six months of that year, it would be a substantial compliance with the provisions of the lease; so much so, that a forfeiture, which is not favored of the law, would not be declared or enforced by any well disposed court, possessing and exercising equity powers and jurisdiction; and the court would be willing on that ground, if there was no other, to rest a decision of the case, adverse to the plaintiff. But a very respectable, minority, Judge Price, is found dissenting from that view, and so we do not base our decision in the case on that ground alone; but as well upon another ground, which seems entirely sound, and upon which the entire court can and does stand; and that is the proposition that the provision for forfeiture is so vague and indefinite that it is void for uncertainty.
There is no particular or definite description by which either of the twenty-two acre tracts can be located. There is an utter absence of any and all data, by which a starting point, from which to measure,may be found. It was suggested by counsel that the Stahl-VanVleck case, 53 Ohio St., 136, at page 147 supplied a rule by which the several twenty two acre tracts to be forfeited might be ascertained and measured. That case, we think, however, does not supply a rule, or even suggest one, or in any way relieve the forfeiture provision of the lease, from the imputation of uncertainty. In that case the court was defining a process or rule by which could be ascertained which one of three described forty acre tracts of land was intended to be operated for gas and oil, under a lease of one acre of one of the forty acre pieces, the one acre to be selected by the owner, and the selection made. Judge Burket, in stating the rule, used the following language:
Geo. H. Phelps, and Henry W. Seney, forplaintff.
John Poe, for defendant.
“If the number of acres contracted to be operated in case gas or oil shall be found, is the same as a subdivision of a section, say 10, 20, 40, 80, or 160 acres, it will be held that the subdivision of the section upon which the well is located, is the land intended to be operated under the lease, Otherwise the land to be operated is to be taken in a square form, with the well as its center, unless the well is so near a line of the land as to make this impossible, in which case the land to be operated will be in a square form including the well, and extending to such line.’’
The rule as stated by Judge Burket is well enough, and would doubtless work as well in ascertaining a tract of land to be forfeited, as land to be operated, if the starting point was definitely stated, as was the fact in the VanVleck case. An acre was selected there where a well was to be drilled; that furnished a definite starting point from which the rule was evolved; but in the case before us, no point was selected or pointed out in any way, where a well was to be completed, either the first or second year; and it is absolutely impossible to find a definite point named in the lease or supplied by parol to enable the court to find a definite point from which to measure any number of acres for forfeiture. In such case the court must decline to declare or enforce a forfeiture on the twofold grounds, that no forfeiture is due, and the provision for forfeiture is entirely vague and uncertain.
The finding will be against the plaintiff, and his petition is dismissed. Defendant’s title is quieted as against the plaintiff, and the plaintiff is required to pay the cost.