The petitioners are discharged from custody upon each of them furnishing bail in the sum of $15,000.

*Judgment accordingly.*

SKEEL, P. J., and HURD, J., concur.

LAYNE, APPELLANT, *v.* BAKER ET AL., APPELLEES.

(No. 505—Decided June 1, 1949.)

*Mr. Joe M. Moorhead, Mr. Donald A. Dietsch* and *Mr. John C. Firmin,* for appellant.

*Mr. Fred L. Eberhart* and *Messrs. Betts & Betts,* for appellees.

GUERNSEY, P. J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Hancock County, in an action wherein the appellant, Emil E. Layne, was plaintiff, and the appellees, Richard J. Baker, Albert E. Baker, T. T. Perkins, justice of the peace, Findlay township, Hancock county, Ohio, and J. W. Crates, constable, Findlay township, Hancock county, Ohio, were defendants.

The action is one to enjoin the defendants from enforcing a judgment of restitution and eviction against the plaintiff, rendered by such justice of the peace in an action in forcible entry and detainer before him, wherein the defendants Richard J. Baker and Albert E. Baker were plaintiffs, and the plaintiff, Emil E. Layne, was defendant, and for other equitable relief.

The cause was submitted to the Common Pleas

Court upon the application of plaintiff for a temporary injunction, and the motion of the defendants to dismiss the case, and judgment was rendered by the court denying the application for a temporary injunction, dissolving a restraining order issued by it prior to that time against the defendants, and dismissing the case at the costs of the plaintiff. And this is the judgment from which this appeal is taken.

At the time the judgment was rendered the amended petition of the plaintiff was the only pleading on file in the cause.

The motion of the defendants to dismiss the case, omitting caption and signatures, is in the words and figures following, to wit:

"Now come the defendants by their attorneys and move the court for an order dismissing all matters in this case excepting the question of damages suffered by any of the defendants by the temporary restraining order issued on September 21, 1948. The reasons for this motion are:

"1. The issues presented in the petition of this case have previously been decided in case number 28179 of the Common Pleas Court of Hancock County, Ohio. Said case also bears number 495 in the Court of Appeals, Third Appellate District, Ohio. Thus, such matters are *res judicata*.

"2. The issues presented in the petition of this case were decided in the justice of the peace court of T. T. Perkins, city of Findlay, county of Hancock, Ohio, in case number 237. Said case also bears the number of 2855 in the Common Pleas Court of Hancock County, Ohio. Thus such matters are *res judicata*.

"3. Plaintiff in this case is trying by this petition to collaterally attack the judgment rendered in the case mentioned in reason number two (2).

"4. This Common Pleas Court has no jurisdiction of this case."

The bill of exceptions shows that no evidence was introduced upon the hearing of the application and motion.

The plaintiff assigns error in the following particulars:

1. The trial court erred in considering the defense of *res judicata* raised by defendants in the motion to dismiss.

2. Even if the trial court did not err in so considering the defense of *res judicata*, it erred in deciding that the two former actions, or either of them, constitutes a bar in the present action.

3. The trial court erred in dismissing the case when the undenied facts pleaded in the amended petition stated a good cause of action.

4. Other errors of law apparent on the record and excepted to by the plaintiff.

These claimed errors will be considered in the order mentioned.

1. The defendants, at the time the judgment appealed from was rendered, had filed no pleading in the case, and, as shown by the bill of exceptions, no evidence was introduced at the hearing, so there is no pleading or proof of any defense of *res judicata*.

The court was without authority in the case to take judicial notice of the proceedings had and judgment rendered in the case referred to in the first ground for dismissal assigned in the motion. 17 Ohio Jurisprudence, 66, 67, Evidence, Section 43.

The court was also without authority to take judicial notice of the case referred to in the second ground assigned in the motion to dismiss.

The adjudication of the case referred to in the second ground of the motion is pleaded in the amended

petition, but the court on the motion could consider the pleaded adjudication only for the purpose of determining whether upon the allegations with reference thereto, together with the other allegations of the amended petition, the plaintiff was entitled to the injunctive and other equitable relief asked for by him in his amended petition.

Whether such allegations stated a cause of action of the character mentioned will be hereafter discussed under assignment No. 3.

A defense of *res judicata* cannot be raised by motion but must be pleaded and proved. *Norwood* v. *McDonald,* 142 Ohio St., 299, 52 N. E. (2d), 67; *Clark* v. *Baranowski,* 111 Ohio St., 436, 145 N. E., 760; *Fanning* v. *Insurance Co.,* 37 Ohio St., 344.

There being no pleading or proof of any defense of *res judicata* and the court being without authority to take judicial notice of the proceedings had and judgment rendered in either of the cases referred to in the first and second grounds for dismissal assigned in the motion to dismiss, the court erred in sustaining the motion on either of those grounds.

2. The case referred to in the first ground assigned in the motion to dismiss, is case No. 28179 in the Court of Common Pleas of Hancock County, which, on appeal from that court to the Court of Appeals for Hancock county, was designated as case No. 495 in the Court of Appeals for Hancock county.

It was an action in which Emil E. Layne, plaintiff herein, was plaintiff, and Richard J. Baker and Albert E. Baker, two of the defendants herein, were defendants. It was instituted by plaintiff to enjoin the threatened eviction of the plaintiff by the defendants from the premises occupied by him under written lease from the defendants and was brought before any

action seeking to evict the plaintiff from the premises had been instituted by the defendants.

It is predicated upon the ground that plaintiff had not violated the lease or in any way given the defendants cause for eviction, and that the plaintiff had no adequate remedy at law.

It differed from the instant action in that it was brought to enjoin threatened eviction and not to enjoin the enforcement of a judgment in an action in forcible entry and detainer of restitution and eviction, and in that it was not predicated upon the claim that by the terms of the written lease forfeiture thereof was not prescribed and could not be declared or adjudicated.

This court, upon the trial of the cause on appeal from the Common Pleas Court, rendered judgment holding that the plaintiff had an adequate remedy at law and was, therefore, not entitled to the remedy of injunction, and dismissed plaintiff's petition.

The issues presented in the instant case differ from the issues presented in the former injunction case in that this is an action to enjoin enforcement of a judgment of restitution and eviction rendered by a justice of the peace prior to the expiration of the term of a lease of real estate, in an action in forcible entry and detainer, based on a written lease wherein there is no provision for forfeiture or re-entry upon failure of tenant to pay rental as therein prescribed or otherwise to perform the terms thereof on his part to be performed.

The question raised by the motion to dismiss is whether a judgment of forfeiture and evidence in an action based on a written lease which contains no provision for forfeiture, rendered by a justice of the peace in a forcible entry and detainer action, prior to the expiration of the term of the lease, may be enjoined by a court of equity where the defense of nonforfei-

ture by reason of the terms of the written lease was available as a defense in the action.

As the issues determined in the former action for injunction differ from the issues for determination in the instant action, the defense of *res judicata* in this action, based on the judgment in the former action for injunction, even if properly pleaded, would not constitute a defense to the instant action.

For the reasons stated in our discussion of the first assignment of error, the judgment of the justice's court could not constitute a basis of a defense of *res judicata* in the instant action.

The instant action constitutes a direct and not a collateral attack of the judgment in the justice's court, and if the remedy sought comes within the equitable jurisdiction of the Common Pleas Court, that court had jurisdiction of the cause.

Whether the Common Pleas Court had such equitable jurisdiction will be hereafter discussed under assignment of error No. 3.

For the reasons mentioned, even if the defense of *res judicata* attempted to be raised by defendants in their motion to dismiss had been properly raised by pleading and sustained by proof, such defense would not have constituted a bar to this action.

3. In considering this assignment of error it is essential to keep in mind that a justice court is a court of limited jurisdiction, having only such jurisdiction as is expressly conferred on it by statute, and that its judgments have only the legal effect expressly given them by statute.

Section 10450, General Code, formerly Section 6601, Revised Statutes, appearing in Chapter 13 of Part Third, Remedial, Title II, of the General Code, prescribes that judgments in forcible entry and detainer actions, either before a justice of the peace or in the

Court of Common Pleas, shall not be a bar to later action by either party.

The two leading cases in which that statutory provision is construed and applied, are *Raitz & Co.* v. *Dow,* 10 C. C. (N. S.), 249, 20 C. D., 284; and *Foster* v. *Ellison,* 12 C. C. (N. S.), 399, 21 C. D., 513, which have not been overruled in any subsequent decision.

The first was a case where the tenant, seeking reformation of the lease and an injunction against the enforcement of a judgment of ouster rendered by a justice's court, was in possession of the premises under an imperfectly executed lease and was held to be entitled to reformation by having the lease properly executed, and to an injunction to enforce the lease as reformed.

In the second paragraph of the syllabus in that case the court held:

"2. An action in forcible entry and detainer in such a case, in which a judgment of ouster has been taken by the purchaser, is not a bar to injunction proceedings brought by the tenant to prevent interference with his possession."

The second case, as shown by the decision mentioned, and the decision in the case from which error proceedings to the Circuit Court were perfected, *Ellison* v. *Foster,* 6 O. L R., 666, 19 O. D. (N. P.), 849, was a case in which the tenant held under a written lease for the term of three and one-half years, renewable forever, which lease, among other things, contained a covenant for re-entry for failure to pay rent for 30 days after demand made personally or on the premises. In that case, the court held, in the first paragraph of the syllabus:

"The provision of Section 6601, that a judgment in an action for forcible entry and detainer shall not be a bar to a second action, constitutes an exception

to the general rule that equity will not enjoin the enforcement of a judgment where a defense at law was available; and if the facts alleged by one praying for an injunction against the enforcement of such a judgment entitle him to a decree quieting his title or fixing the extent of his title, injunction which is merely ancillary to the main issue of title, will lie until the question of title has been determined.''

Under the provisions of Section 10450, General Code (formerly Section 6601, Revised Statutes), as construed in those cases, it is clear that a judgment of ouster in an action in forcible entry and detainer does not bar any subsequent action, either at law or in equity, between the parties to determine the right of possession to the real estate which is the subject matter of such action.

In 32 American Jurisprudence, 720, Landlord and Tenant, Section 848, the rule applicable to the forfeiture of the term of a lease is stated as follows:

''Unless there is an express stipulation for a forfeiture, the breach of a covenant in a lease does not work a forfeiture of the term.''

This rule was approved and applied by this court in the case of *Thomas* v. *Kirkbride,* 15 C. C., 294, 8 C. D., 181, in the following words: ''Forfeiture is very rarely decreed or enforced, unless specifically provided for by the contract. To call for such action, forfeiture must be clearly nominated in the contract,'' and is, as shown by numerous other Ohio decisions, the established rule in this state.

As shown by the amended petition in the instant case, no forfeiture was provided for by the contract of lease, and the justice's court was, therefore, without authority to render judgment of ouster before expiration of term of lease which was necessarily based on forfeiture of the term of the lease.

As under the provisions of Section 10450, General Code, the plaintiff is not barred by the judgment in the forcible entry and detainer action from maintaining an action, either at law or in equity, to determine the right of possession to the real estate leased to him, he, while in possession of the real estate, had the right to maintain this action to enjoin the enforcement of the judgment, the action being in the nature of an action to quiet his title to the possession of the premises.

Equity abhors a forfeiture and will relieve against it.

The plaintiff, in his amended petition in this case, alleges facts sufficient to constitute a cause of action for injunction and the quieting of his title, and the court, therefore, erred in sustaining the motion to dismiss and in dismissing plaintiff's amended petition, as set forth in this assignment of error.

4. In his fourth assignment of error plaintiff refers to "Other errors of law apparent on the record and excepted to by plaintiff-appellant," but does not specify or argue any such errors in his brief, so the court, under its statutory prerogative, will not consider this assignment.

For the errors hereinbefore mentioned, the judgment of the Common Pleas Court will be reversed, at costs of defendants-appellees, and the cause remanded to it with instructions to overrule the motion of defendants to dismiss, and for further proceedings according to law.

*Judgment reversed.*

MIDDLETON and JACKSON, JJ., concur.