BARKACS, Appellant,

v.

PERKINS, Appellee, et al.

[Cite as *Barkacs v. Perkins,* 165 Ohio App.3d 576, 2006-Ohio-469.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–05–012.

Decided Feb. 3, 2006.

Thomas J. Stoll, for appellant.

Harold J. Freeman, for appellee.

HANDWORK, Judge.

{¶ 1} This case is before the court on the judgment of the Huron County Court of Common Pleas, which granted appellee, Robert B. Perkins, partial summary judgment against appellant, Beverly J. Barkacs. The remainder of the parties' claims were voluntarily dismissed, making the grant of partial summary judgment a final appealable order. For the reasons that follow, we affirm the decision of the trial court.

{¶ 2} In reviewing a motion for summary judgment, we must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 3} The following facts are undisputed. Appellant acquired title to the real estate in question, acreage including a house and a barn, from appellee and appellee's former wife, on or about December 21, 1993. On February 23, 1994, appellant gave appellee a written lease to remain on and occupy the premises for the remainder of his life. Appellee was not to commit any waste to the premises, was to keep the yards, lawns, sidewalks, and drives clean, sightly, and in a sanitary condition, and was to maintain the lawn in a neat and presentable condition. Appellant had the duty to maintain the buildings. The only provision for termination of the lease was the death of appellee.

{¶ 4} Appellant sued appellee on June 17, 2004, alleging that appellee intentionally committed waste upon the property "by permitting animal excrement and cobwebs to accumulate in an excessive level in the barn, accumulating rubbish on the premises, performing repairs to the house roof in a slipshod manner and generally failing to maintain the property in an appropriate fashion." Appellant asserted that she had no adequate remedy at law in that the waste committed by appellee was a continuing act that would require multiple suits to be filed, and

she requested a permanent injunction against appellee's committing waste upon the property and for a declaratory judgment stating that, because of the breach, the lease had terminated. Appellant also sought money damages.

{¶ 5} Appellee counterclaimed and filed a third-party complaint against Duane Barkacs, alleging that appellant or her agents had trespassed upon his property and had failed to keep the property in good repair. Appellee argued that the purchase agreement had been breached and that either the property sold by appellee should be returned to him or appellant should be required to purchase appellee's life lease from him.

{¶ 6} On November 17, 2004, appellee filed a motion for partial summary judgment. Appellee argued that appellant was not entitled to forfeiture of appellee's leasehold interest because the lease provided for termination only upon the death of appellee. In opposition, appellant argued that appellee had committed waste and that a trial court had the authority in equity to grant forfeiture of appellee's rights under a life lease.

{¶ 7} On January 6, 2005, the trial court granted appellee's motion for partial summary judgment. The trial court held that absent a provision in a lease providing for a forfeiture, forfeiture is not allowed. The trial court held that appellant was limited to a remedy at law for damages, or in equity for an injunction, but was not entitled to forfeiture of the lease.

{¶ 8} On appeal, appellant raises the following sole assignment of error:

{¶ 9} "The trial court erred in granting summary judgment where the equitable remedy of forfeiture is available for an action sounding in waste by a life tenant."

{¶ 10} Appellant argues that forfeiture of appellee's life lease is an available remedy for waste. In particular, appellant relies on *VanOrder v. Moore* (Nov. 14, 1980), 6th Dist. No. F–80–008, 1980 WL 351589, wherein this court held, "Based upon the foregoing principles of equity granting wide discretion to the trial court to deny granting forfeiture of a lessee's rights under a lease, the judgment of the trial court is supported by the record." Appellant also argues that the equitable remedy of forfeiture is available, even when there is no lease provision specifying forfeiture, if there is a showing that the legal remedy for damages is inadequate. See, e.g., *Ionno v. Glen–Gery Corp.* (1983), 2 Ohio St.3d 131, 2 OBR 678, 443 N.E.2d 504; *Rosenbaum v. Dixie Energy Co., Inc.* (July 31, 1987), 11th Dist. No. 11–274, 1987 WL 15059. Although forfeiture is not a specified remedy in appellant's lease with appellee, appellant asserts that she has established that appellee has caused waste to the property and that, while appellant could file suit for damages each time an extreme unsanitary condition reoccurs, doing so would be impractical. Appellant therefore argues that there is

an issue of fact as to whether damages are inadequate so that forfeiture is available as a remedy.

{¶ 11} Forfeiture is "a deprivation or destruction of a right in consequence of the nonperformance of some obligation or condition." *Webster v. Dwelling House Ins. Co.* (1895), 53 Ohio St. 558, 563, 42 N.E. 546; Black's Law Dictionary (5th Ed.Rev.1979) 584–585. "Equity abhors a forfeiture." *VanOrder,* 6th Dist. No. F–80–008, 1980 WL 351589, *1; *Layne v. Baker* (1949), 86 Ohio App. 293, 302, 41 O.O. 315, 91 N.E.2d 539. See, also, *Webster,* 53 Ohio St. at 563, 42 N.E. 546. Therefore, " '[u]nless there is an express stipulation for a forfeiture, the breach of a covenant in a lease does not work a forfeiture of the term.' " *Layne,* 86 Ohio App. at 301, 41 O.O. 315, 91 N.E.2d 539, citing 32 American Jurisprudence 720, Landlord and Tenant, Section 848,[1] and *Thomas v. Kirkbride* (1897), 8 Ohio C.D. 181, 15 Ohio C.C. 294. Appellant's life lease with appellee did not contain a provision for forfeiture as a remedy for breach of the terms of the lease. Therefore, we find that forfeiture was not an available remedy to appellant.

{¶ 12} Appellant, however, asserts that this court recognized, in *VanOrder,* that a trial court has wide discretion with respect to forfeiture issues. We find that the facts in *VanOrder* distinguish it from this case. In *VanOrder,* the terms of the life lease provided that a breach of the terms "shall result in a forfeiture of this lease." We have no similar provision in this case. Interestingly, even though forfeiture was provided for in the *VanOrder* lease and the lessee had violated the terms of the lease, the trial court nevertheless held that forfeiture was not an available remedy.

{¶ 13} Appellant also argues, however, that other cases have recognized that forfeiture of a lease is an available remedy for breach of the lease terms. See, e.g., *Ionno,* 2 Ohio St.3d 131, 2 OBR 678, 443 N.E.2d 504; *Rosenbaum,* 11th Dist. No. 11–274, 1987 WL 15059. *Ionno* and *Rosenbaum* both concerned leases that permitted drilling for oil or mineral rights. In such cases, the Ohio Supreme Court has recognized, " 'Where legal remedies are inadequate, forfeiture or cancellation of an oil and gas lease, in whole or in part, is an appropriate remedy for a lessee's violation of an implied covenant.' " *Ionno,* 2 Ohio St.3d at 135, 2 OBR 678, 443 N.E.2d 504, quoting *Beer v. Griffith* (1980), 61 Ohio St.2d 119, 15 O.O.3d 157, 399 N.E.2d 1227, paragraph four of the syllabus. Even so, "a strong

---

1. Similarly, 49 American Jurisprudence 2d (2005), Landlord and Tenant, Section 289, states: "Forfeitures are not favored, however, so in the absence of an express stipulation or proviso to that effect, the general rule is that the breach by the lessee of the covenants or stipulations on his part contained in the lease does not work a forfeiture of the term, and that the lessor's remedy is by way of a claim for damages or specific performance."

showing of a violation of a clear right is required before a court will resort to such an extreme measure." Id. at 135, 2 OBR 678, 443 N.E.2d 504.

{¶ 14} The rationale for allowing forfeiture in *Ionno* and *Rosenbaum* was based, in part, on the fact that "the real consideration for the lease is the expected return derived from the actual mining of the land," not merely the rental income. *Ionno*, 2 Ohio St.3d at 133, 2 OBR 678, 443 N.E.2d 504. Because the lessor expected income from the lessee's drilling or mining of the property, the Ohio Supreme Court recognized that the lessee's failure to drill or mine within a reasonable period of time "would allow a lessee to encumber a lessor's property in perpetuity," without any return of income to the lessor arising out of mining or drilling operations. In such instances, the court held that breach of the implied covenant to mine or drill within a reasonable time could result in grounds for forfeiture, so long as the lessor established that damages would be an inadequate remedy.

{¶ 15} Because no mining or drilling rights are involved in this case, we find that the doctrines of forfeiture espoused in *Ionno* and *Rosenbaum* do not apply to appellee's lease. In fact, appellee is not expected to generate any income for appellant as a result of his life lease and use of the property. Therefore, unlike in the situation presented in mining or drilling cases, appellee is not encumbering the property in such a way as to prevent appellant from producing the income herself. Because appellee is not breaching a term of the lease that would have provided income to appellant, we find that the rationale for providing an equitable remedy, such as forfeiture, is not present in this case. We therefore find that appellant's reliance on *Ionno* and *Rosenbaum* is misplaced, as these cases are factually distinguishable from this case.

{¶ 16} Even if we held that *Ionno* and *Rosenbaum* applied, and we expressly hold they do not, we hold that appellant failed to establish her entitlement to forfeiture. Appellant asserts that it would be impractical to seek damages from appellee for the alleged waste of the property because waste was an ongoing issue. Nevertheless, she seeks a monetary award in her complaint. We find that appellant's bald assertion that seeking damages would be impractical falls short of establishing that damages would be incapable of compensating her for her losses arising from the alleged waste of the property. We therefore find that appellant failed to establish that a genuine issue of material fact existed regarding whether damages would be an inadequate remedy.

{¶ 17} Based on the foregoing, we find that there were no genuine issues of material fact and that appellee was entitled to partial summary judgment as a matter of law. Accordingly, appellant's sole assignment of error is not well taken.

{¶ 18} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.

Judgment affirmed.

SINGER, P.J., and SKOW, J., concur.