BATES & SPRINGER, INC., PLAINTIFF-APPELLEE, *v.* NAY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26184. Decided January 24, 1963.

426

 

*Messrs. Weiser & Weiser*, for plaintiff-appellee.
*Mr. George E. Fedor*, for defendant-appellant.

HURD, J. This case comes before this court on appeal from a judgment rendered by the Municipal Court of Lakewood wherein the court granted plaintiff-appellee's petition to evict defendant-appellant from a suite occupied by him in the Marine Towers in Lakewood, Ohio.

It is undisputed that the defendant was in possession of the premises under a three year lease dated July 21, 1961. Defendant began his tenancy on August 1, 1961. It is further undisputed that the defendant established a practice of paying his rent late in each month. During the first month of the tenancy the rent was not paid until the 17th of the month, contrary to the provisions of the lease, which required payments on the first day of each month. Thereafter the record shows that the rental payment dates were on the 22nd, 18th, 21st, 28th, 24th and other later dates. The latest payment was on the 28th and the earliest payment on the 13th day of the month. On July 16th, 1962, the plaintiff tendered rent in the sum of $272.00. This was one day before the defendant received notice to vacate the premises based on failure to pay rent according to the terms of the lease.

It is well settled in Ohio and in many other jurisdictions when the landlord has acquiesced in payment of rents substantially after the actual due date thereof by accepting the same, he cannot declare a forfeiture because thereby the landlord has waived strict compliance with the precise terms of the lease. See *Milburn* v. *Aska*, 81 Ohio App., 79, 80, 77 N. E. (2d), 619, wherein the court held, as appears in the third paragraph of the syllabus:

"3. Where a lessor, for several rent installment periods, accepts, in a course of dealing, overdue payments of rent without warning or notice to the lessee of termination of the lease, lessor cannot terminate the lease for such a default, even though the right to do so is granted by the terms of the lease."

See also 31 A. L. R. (2d), 376, wherein it is stated:

"It is a general rule that where a lessor acquiesces in the making of belated payments of rent, in departure from the express terms of his lease in that regard, for a length of time and under circumstances establishing a course of dealing upon which the lessee may, in light of such experience, rely, he cannot forfeit the lease for non payment of rent so represented, but must if he desires to make use of the right to forfeit for that purpose, first warn the lessee of his intention as to future payments, and that the lessee is entitled to relief against a forfeiture otherwise attempted."

To the same effect, see 33 Ohio Jurisprudence (2d), Landlord and Tenant, Sec. 433 and *Smith* v. *Whitbeck*, 13 Ohio St., 471.

The Ohio doctrine is in agreement with the majority of the states.

In 28 A. L. R. (2d), 807, the following should be noted:

"It is the uniform rule at Common Law and in the absence of contrary statutory provision, both in this country and in England, that a demand for payment must be made by a lessor as a prerequisite to enforcement of a lease provision or termination upon nonpayment of rent."

It is well settled, therefore, that in order to establish a right to forfeiture where payments have been made for a period of time substantially beyond the due date, as in the instant case, the landlord is required to give notice in writing in advance of his intention to require strict compliance with the terms of the lease. Such written notice must be given not less than three days prior to the due date of the rent in order to give to the lessee the opportunity to comply strictly with the terms of the lease.

The record shows that plaintiff complains of excessive noise emanating from the suite but no competent testimony was introduced on this subject. The sole witness for the plaintiff was not competent to testify because he did not hear the noise and anything which he testified to was obviously hearsay evidence.

For the reasons stated, the judgment of the trial court is reversed and final judgment is rendered for the defendant.

A journal entry may be drawn and submitted in accordance herewith.

ARTL and CORRIGAN, JJ., concur.