CECIL D. HAWTHORNE ET AL., APPELLANTS, v. CHARLES CASSIDY, DOING BUSINESS AS CASSIDY LAND AND CATTLE COMPANY, APPELLEE.

137 N. W. 2d 818

Filed November 5, 1965. No. 35966.

Joseph J. Divis and Edward C. Hastings, for appellants.

Leo F. Clinch, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

This is an action by the lessors for forfeiture of a lease, and for damages to the property. The district court dismissed the action and the plaintiffs have appealed.

In February 1962, plaintiffs and defendant executed a written lease covering a 9,500-acre ranch, including the buildings and improvements except the main residence. The term was for 5 years commencing May 1, 1962, for a cash rental of $20,000 per year. The lease contained the following specific provision: "It is further expressly agreed between the parties hereto that the Lessee shall not graze livestock on the premises to exceed 800,000 pounds weight during a five month period in any one year term, said weight limitation being the weight of the livestock as of the date they are placed on the premises. The aforesaid weight and time period limitations may be used in its entirety or spread out over

a years term of the lease at the option of the Lessee, provided said limitations are not exceeded."

The total number of livestock and agreed weights, in most instances, and the length of time they were on the ranch during the lease year 1962-1963 was stipulated by the parties. Most of the animals were placed on the ranch between May 1 and May 5, 1962, and were taken off the ranch between September 28 and October 6, 1962, except one large group of yearling heifers. During the first 5 months of the lease year, May to October, approximately 525,000 pounds of livestock were grazed on the ranch. In November 1962, 61 cows and 12 bulls were placed on the ranch with the large group of yearling heifers which had been retained on the ranch. The weight of the animals on the ranch after November 12 was approximately 278,000 pounds. These were retained on the ranch for the remainder of the lease year.

The defendant made timely payments of the rental in accordance with the lease, but the plaintiffs allege that the provision of the lease quoted above was violated and that plaintiffs are entitled to a forfeiture of the lease and also allege that the violation of the provision damaged the land and pray for a recovery of the damages sustained.

Both parties agree to the proposition that the law presumes that the parties understood the import of their contract and that they had the intention which its terms manifest. They both cite Shepard v. Shepard, 145 Neb. 12, 15 N. W. 2d 195. It is also undisputed and agreed that a written contract expressed by clear and unambiguous language is not subject to interpretation or construction and both parties cite Frentzel v. Siebrandt, 161 Neb. 505, 73 N. W. 2d 652, in support of this proposition.

The plaintiffs' position basically is that the language referred to requires that the livestock placed on the range take on new weights at the end of each 5-month period in a lease year. This interpretation is in direct

opposition to the specific language of the lease which states: "* * * said weight limitation being the weight of the livestock *as of the date they are placed on the premises.*" (Emphasis ours.)

The defendant's position is that the specific option given to the lessee to spread out the weight and time period limitations over a year's term of the lease refers to 800,000 pounds of weight and a 5-month period of grazing, and these must be combined to determine the annual limitation, which can be spread. Both parties agree that if 800,000 pounds of livestock have been grazed on the premises for 5 months, the lease year limitations have been reached. Obviously, with cattle being placed on the premises and removed from the premises at varying dates and times, and with the time limitation used relating to months and the weight limitations referring to pounds, the total annual weight time period limitation must be converted to month pounds. By computation, 800,000 pounds for a 5-month period is 4,000,000 month pounds. The defendant could, therefore, graze 800,000 pounds for 5 months; 400,000 pounds for 10 months; or 333,000 pounds for 12 months; or other combinations of the month pounds that did not exceed the weight time period limitations. We believe this is correct. Applying that construction and meaning would show more than 4,000,000 month pounds, if applied to all cattle placed or kept on the ranch for the entire time they remained there. The lease, however, states that the lessee shall not "graze" livestock to exceed the weight and time limitation. Only the weight is determined as of the date they are "placed on the premises." It must be remembered that this was not merely a pasture lease, but a lease of an entire ranch including all of the buildings, barns, corrals, etc., except the main residence. It is quite obvious from all the evidence that limitation of grazing was the object of the entire provision.

· The evidence shows that 12 bulls placed on the prem-

ises in November 1962, were kept in the bull pen and fed grain and hay during the balance of the lease year. It also shows that 13 bulls were pastured for a portion of the time, but were also kept in the bull pen and fed grain and hay during 4½ months of the lease year.

Certain horses were used, kept in the barn and fed grain, and a team of mules was likewise used and kept in the same fashion. There is also evidence that for a 5-month period, an average of 50 animals were kept in barns and hospital corrals because they were weak or sickly. It seems obvious that such animals should not be treated as having been "grazed" during such periods. For a 60-day period in the winter of 1962-1963, snow covered the ranch, and the animals then on the premises could not graze and the defendant fed them during that period. If these animals are not treated as having been "grazed" during this period, then less than 95 per cent of the annual weight time limitation was used in the 1962-1963 lease year. We believe this to be a reasonable interpretation, and consequently the terms of the lease were not violated. There are also additional claims as to other circumstances in which animals were claimed to be not grazing which we do not deem it necessary to discuss.

If the parties had intended to use the words "place," or "keep," rather than the word "graze" they could have done so. In construing a writing it is the duty of the court to give the words used their ordinary and popularly accepted meaning in the absence of explanation or qualification. Francis R. Orshek Co. v. State, 174 Neb. 668, 119 N. W. 2d 48.

Forfeitures of estates under leases are not favored in law and covenants will not be extended by implication to sustain a claim of forfeiture. Chesnut v. Master Laboratories, 148 Neb. 378, 27 N. W. 2d 541. The issue of waiver has also been presented by the defendant, but in view of the foregoing, we shall not discuss it.

The plaintiffs also assert a claim for damages to the

ranch. Essentially, the plaintiffs' expert witness testified that some of the pastures were over-utilized and some of the pastures were under-utilized; and that there was poor range management, and if not corrected by less use of the over-utilized pastures, it would in time result in damage to the range. He specifically testified that there was then no damage to the range condition. An expert witness for the defendant denied that there was even poor range management. The real estate appraiser called by the plaintiffs refused to testify that there had been any damage to the land value. Other testimony as to damage was likewise conflicting. Where the evidence is in irreconcilable conflict, this court will consider that the trial court saw and heard the witnesses and that it accepted the version of one party on controverted issues of fact. Muller Enterprises, Inc. v. Gerber, 178 Neb. 463, 133 N. W. 2d 913.

For the reasons stated, the judgment of the district court dismissing the plaintiffs' petition was correct and is affirmed.

AFFIRMED.