Southern Hotel Co., Appellant, *v.* Miscott, Inc.,
Appellee.

[Cite as Southern Hotel Co. v. Miscott, Inc.
(1975), 44 Ohio App. 2d 217.]

(No. 75AP-18—Decided April 24, 1975.)

*Messrs. George, Greek, King, McMahon & McConnaughey* and *Mr. Edward F. Whipps,* for appellant.
*Mr. Lee C. Miltman* and *Mr. Tunney King,* for appellee.

McCormac, J. The judgment appealed from was rendered by the Franklin County Municipal Court on December 9, 1974, based upon a stipulation of facts. The facts pertinent to this appeal are as follows:

On February 23, 1972, defendant, the appellee herein, entered into a written lease with the New Southern Hotel Company, plaintiff's predecessor-in-interest, thereby leasing commercial space located in the Southern Hotel building for use as a restaurant. The term of the lease was five years, renewable for an additional five years, with rent payable at the rate of $1,354.17 on the first day of each month. The tenant convenanted in part, as follows:

"1. To pay said rent and all other charges payable by tenant under this lease, on or before the day on which the same are payable hereunder."

"16. * * * Tenant shall continue to be liable for the prompt and faithful performance of all the terms, covenants, and conditions of this lease by and any such assignee, transferee or sublessee."

The parties mutually covenanted, in part, as follows:

"20. That if the rent (or any sums due as additional rent hereunder), or any part thereof, shall be in arrears and shall so remain for ten days after written notice of such arrearage * * * then and in any or all such events, landlord may either (i) enter upon said premises and have, repossess and enjoy the same as if this lease had not been made, thereupon said lease, and everything herein contained on the part of said landlord to be kept and performed shall cease and determine, without prejudice, however, to the right of the landlord to recover from said tenant or tenant's assigns all rent and other sums due up to the date of such entry * * *."

"23. That all notices to be given hereunder shall be given by registered or certified mail, addressed to tenant at the post office address of the demised premises and to landlord at the address to which rent shall be sent as hereinabove set forth. * * *"

General covenants, as pertinent, were as follows:

"33. Any failure of either party to insist upon strict performance of any part of this lease shall not be deemed a waiver by such party of any right thereafter occurring and shall not prejudice or affect such party's rights in the event of any subsequent default, similar or dissimilar in nature."

"35. * * * It is expressly stipulated that time shall be of the essence of this lease."

On July 23, 1974, the plaintiff corporation purchased the real estate known as the Southern Hotel from the original lessee, and was assigned all of its rights in the aforesaid lease, as was permitted under the terms of the lease.

Defendant had a history of late payment of rent, the payment often being as much as two months delinquent. The prior owner had, on two occasions, given plaintiff notice of the delinquency. In neither instance had a forfeiture been specifically referred to in the notice, nor had a forfeiture been declared, although, in each instance, defendant made payments reasonably, as specified in the notice.

Shortly after plaintiff, the new owner, took over the operation, they provided the following notice to defendant, by certified mail, on August 2, 1974:

"As you know, the New Southern Hotel Company sold its interest in the Southern Hotel on July 23, 1974. As part of the transaction, all leases on space in the hotel were assigned to the new owners, including your lease of the southwest corner of the ground floor. As a result, the undersigned is now your landlord and we believe it important to start our new relationship as landlord and tenant in a business-like manner. It is therefore considered pertinent to note that your July rent was in arrears until the end of the month and that the August rent, not having been received when due, is now in arrears. I dislike having to ask you for this rent, but as noted, this is a new operation for us and it is essential that rents be received when due in order to meet our obligations when due. I am sure you will understand our position and cooperate in making our operation of the Southern Hotel a success."

Eleven days thereafter, on August 13, 1974, a notice to vacate for breach of covenant was hand delivered to defendant. At that time, defendant tendered a check for the July rent to plaintiff, but the check was refused. The defendant refused to vacate the premises and continued tendering payment as due. On September 3, 1974, plaintiff filed a petition in forcible entry and detainer with the Municipal Court, praying for forfeiture of the lease and restitution of the premises, plus a judgment for past-due rent.

The trial court granted judgment for past-due rent, which was agreed had been received with a stipulation that it would not be regarded as to the merits of the forfeiture of the lease. The trial court denied a forfeiture on the basis that it was an equitable remedy and that, under the circumstances, forfeiture should be avoided. Accordingly, restitution was denied. From the denial of restitution, plaintiff has timely brought this appeal.

Plaintiff has set forth the following assignments of error:

"1. The trial court erred in applying the equitable maxim 'the law abhors a forfeiture' to the facts of this case.

"2. The trial court erred in failing to hold that appellee's late payment of rent constituted a forfeiture under the terms of the lease."

Since both assignments of error relate to the adequacy of the notice and the applicability of forfeiture as a remedy, they will be considered together in this opinion. Plaintiff contends that they have fully complied with every requirement for forfeiture provided for in the lease. They point out that a written notice of arrearage was given to defendant after the rent became delinquent, as provided by the lease, and that ten days, as provided by the lease, was given to defendant to correct the delinquency, and that, as provided by the lease, a forfeiture was then properly declared. Plaintiff further points out that it was a new owner and should not be bound by any laxity in collection of rent by the prior owner, particularly since the lease specifically provides that failure to insist upon strict performance is not a waiver of any subsequent right and that time is of the essence; hence, plaintiff vigorously asserts that all legal requirements for forfeiture have been followed by plaintiff and, in addition, equities are on plaintiff's side since defendant should not be permitted to take advantage of their own neglect.

Defendant asserts that the question of permitting a forfeiture is an equitable determination and that the trial court had all of the facts before it and properly, within its discretion, balanced the equities in their favor. Defendant points out that the injury suffered by plaintiff is compensable in money and that the delinquency was properly taken care of by a tender of the delinquent rent. They further point out that the stipulated facts, although not agreed as being admissible, are that defendant has invested over $60,000 in the purchase of equipment and leasehold improvements at the premises and that a substantial portion cannot be recovered if defendant is required to vacate at this time. In addition, defendant contends that the notice given was legally deficient in that it should have been given in advance of the due date in order to require strict compliance with the lease, and that its content was insufficient to invoke a forfeiture because of the past dealings between defendant and plaintiff's predecessor.

Analyzing the provisions of the lease, it is clear that

plaintiff has technically complied therewith. Defendant covenanted to pay his rent on or before the first day of each month. The August 1974 rent was not paid on August 1, as required. On August 2 the landlord provided, to the place and in the manner required, a notice of arrearage. Eleven days then elapsed, more than the ten days required by the lease, before the plaintiff declared a forfeiture of the lease. That method was precisely as required by the terms of the lease, no more or no less.

The issue then presented is whether compliance with the provisions for forfeiture in the lease enables the landlord to obtain the relief of forfeiture as a matter of law and, if that is not so and an equitable determination is involved, whether the trial court was justified in weighing the equities in favor of the tenant and against forfeiture.

Forfeiture of a lease for nonpayment of rent is clearly subject to the power of a court in the exercise of its equitable jurisdiction to grant relief therefrom in a proper case. See annotation 31 A. L. R. 2d 315, Relief Against Forfeiture of Lease for Nonpayment of Rent, pages 327 through 330, sections 3 and 4. Of course, relief against the forfeiture of a lease for nonpayment of rent is not a matter of right and the tenant must show facts which would permit a trial court to decide that it was inequitable for the lessor to enforce his legal rights. *Pierce* v. *Kennedy* (1943), 205 Ark. 419, 168 S. W. 2d 1115. Hence, when the defendant raises equitable defenses as in this case the court must balance the equities in order to determine whether a forfeiture should be declared.

Turning then to the weighing of equities in this case, plaintiff contends that the equitable principle which is decisive in this case is "He who comes into equity must come with clean hands." Plaintiff aptly points out that defendant is attempting to use his own prior wrongdoings, the previous defaults in payment of the rent, as a defense in a court of equity and that should not be so permitted. On the other hand, defendant would have the court invoke the equitable principle "The law abhors a forfeiture." In addition, defendant contends that the prior history of payments under

the lease indicates a waiver of strict compliance with the precise terms of the lease, that no forfeiture had been declared for much greater deficiencies in the past and that, in order to exact a forfeiture, the notice given to defendant should have been much more specific in its declaration of intent to forfeit than the simple notice of arrearage provided. In support of this position are the cases of *Bates & Springer, Inc.,* v. *Nay* (1963), 91 Ohio Law Abs. 425, and *Lauch* v. *Monning* (1968), 15 Ohio App. 2d 112. In both of these cases the court did decide that there was a requirement to give advance notice of an intention to require strict compliance with the terms of the lease, undoubtedly more specific notice than that actually provided for in this case. However, those cases involved a course of dealing between the same parties, rather than successor parties, as in the instant case. In any event, one of the equities that the trial court could properly consider was whether the past performance of the parties to this lease provided a basis for requiring the successor to give notice expressly stating its intent to declare a forfeiture after the lapse of the ten-day period. In addition, the court can properly consider and weigh the possibility of plaintiff being unable to collect its rent against the nature of the forfeiture and its effect upon defendant. The investment of defendant, which is stipulated to be $60,000, is some indication of the fact that there will be no ultimate default as to rent. In addition, defendant tendered the payment of $1,354.17 immediately upon being given notice of the forfeiture. Furthermore, the stipulated facts show that there would be a substantial loss to defendant if the forfeiture were to be accorded at the time of the default, in August 1974, although the word substantial is not defined within the stipulation.

Equity requires a balancing of all the circumstances, as indicated above, and no one equitable maxim provides the complete answer to this case or to most such cases. The trial court, within its discretion, is entitled to weigh all equitable considerations in determining whether a forfeiture is to be declared. The trial court has weighed those equities in favor of defendant and it cannot be said that the trial court

committed error in arriving at the determination encompassed in its decision.

Assignments of error number one and two are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.