JOSEPH J. FREED AND ASSOCIATES, INC., APPELLEE, *v.* CASSINELLI
APPAREL CORPORATION, D.B.A. STUARTS, APPELLANT.

[Cite as Joseph J. Freed & Assoc., Inc. *v.* Cassinelli Apparel Corp. (1986),
23 Ohio St. 3d 94.]

(No. 85-3—Decided April 16, 1986.)

*Porter, Wright, Morris & Arthur* and *Louis J. Schneider, Jr.,* for appellee.

*Frost & Jacobs, Michael L. Cioffi, Pierce E. Cunningham* and *Terrence L. Goodman,* for appellant.

*Per Curiam.* The central issue involved in the cause *sub judice* is whether the trial court acted properly in ordering a forfeiture of the leased premises by finding a material breach of the lease covenant requiring uniformity of business hours. More specifically, we must determine whether the trial court abused its discretion in weighing the equities of this cause in favor of a forfeiture of the leased premises.

The appellant submits the usual equitable maxims in urging a reversal of the decision below, *i.e.,* that equity abhors a forfeiture; that a forfeiture clause, when ambiguous, must be strictly construed against the lessor (in favor of denying a forfeiture); and that the equities weigh against forfeiture since the breach was immaterial and non-substantial.

The appellee generally agrees with the equitable considerations posited by appellant, but argues that none of these considerations is applicable here which would necessitate a reversal of the lower court rulings.

In reviewing the lease agreement, and in particular, Section 10.1 as set forth above, it is readily apparent that the terms of the agreement extend the right of forfeiture to "any default by tenant." As pointed out by the court of appeals below, "* * * the term 'default' is not possessed of any ambiguity or of any special definition in the context in which it appears in the lease." Therefore, it is reasonable to conclude that because the appellant's obligation to remain open for business in accordance with the policy set forth in the lease is plain and unambiguous, the appellee was afforded a contractual right of forfeiture in the event that appellant breached its obligations under the lease by deviating from the uniform business hours established by the lessor.

The fact that the subject lease does afford the lessor the right of forfeiture for the breach in issue does not necessarily require affirmance of the lower court decisions. As indicated before, the crucial issue becomes whether the trial court abused its discretion in weighing the equities in favor of appellee and enforcing the contractual right of forfeiture.

Our review of the record reveals that there is competent evidence to support appellant's assertions that its reduction in business hours was a minor deviation from the policy established by the lessor, and that such a reduction of hours was in the best economic interests of the appellant.

On the other hand, the record indicates the necessity of a shopping mall enterprise to maintain uniform hours in order to further the collective success of the mall's tenants. Likewise, the lease itself contained a mechanism whereby the lessee had the right to submit any objection concerning business hours to a retail merchant's association and to have the dispute resolved by the association in accordance with its by-laws. There is no evidence whatsoever that the appellant even attempted to seek the assistance of the retail merchant's association. Instead, appellant chose to unilaterally reduce its business hours during the winter months.

While there is evidence to support the arguments submitted by both parties to this controversy, we cannot find that the lower courts erred in

finding the balance of equities in favor of the appellee, nor can we find that such a disposition amounted to an abuse of discretion on the part of the trier-of-fact.

As this court stated in *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157 [16 O.O.3d 169]:

"The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner* v. *Custer* (1940), 137 Ohio St. 448 [19 O.O. 148]; *Conner* v. *Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480]; *Chester Township* v. *Geauga Co. Budget Comm.* (1976), 48 Ohio St. 2d 372 [2 O.O.3d 484]." See, also, *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219.

Given this precise definition we cannot hold that the trial court abused its discretion by ordering a forfeiture of the leasehold. Our affirmance of the lower courts takes into account several key factors. First, in the cause *sub judice,* we are dealing with a commercial leasehold where the parties appear to have entered an agreement in equal bargaining positions. Second, the lease in issue provided that "any default" can result in a forfeiture upon written notice by the lessor coupled with a failure to cure the default by the lessee in the time frame set forth in the lease agreement. In the instant case, this procedure was undertaken in accordance with the terms of the lease. Third, the appellant did not attempt to obtain approval for shorter business hours with the retail merchant's association, as was provided in the lease.

Given the state of the record before us, we hold that the trial court's order of a forfeiture was not unreasonable, arbitrary or unconscionable, and therefore we affirm the decision of the court of appeals upholding that order.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. I must respectfully dissent. While it is uncontested that appellant violated one of some sixty leasehold covenants contained in a twenty-two page lease by slightly deviating from appellee's mandated hours of operation for a two-month period out of a fifteen-year lease term, that violation, when viewed in the context of the lease as a whole, constituted a mere technical breach which does not warrant the extreme remedy of forfeiture of the leasehold and eviction.

I would adopt the definition of material breach recommended by the Restatement of the Law 2d, Contracts (1981) 237, Section 241, which provides that "[i]n determining whether a failure to render or to offer perfor-

mance is material, the following circumstances are significant: (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected; (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived; (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing." In the case at bar, the application of those considerations compels the conclusion that the breach at issue was not material.

I recognize that the parties entered into a lease which provided for forfeiture in certain situations; however, by my reading, the terms of that forfeiture clause related only to breaches of specified covenants, none of which included the breach at issue.[1] Particularly insightful, in my view, is that the breach of a certain "Section 8.2(G)" was made a specific condition of default[2]; Sections 8.1 and 8.2 of the lease are those which list the many covenants made by the tenant, including the covenant in Section 8.1(D), which is at issue in this case. The specific list of acts of default, particularly when that list refers clearly to only one of the some sixty enumerated covenants, should be read as an exclusive list of events which may result in the extreme remedy of forfeiture. As this court has held, when certain causes for forfeiture are clearly specified in the lease, no others will be implied. *Beer* v. *Griffith* (1980), 61 Ohio St. 2d 119, 121-122 [15 O.O.3d 157]; *Harris* v. *Ohio Oil Corp.* (1897), 57 Ohio St. 118.[3]

---

[1] Section 10.1, Article X of the lease provided, in pertinent part: *"Defaults by Tenant.* Without further notice, Landlord may terminate this Lease if any default by Tenant continues after written notice of default, *in case of nonpayment of rent or the nonpayment of any other charges or payments* provided to be made hereunder for more than ten (10) days or in any other case if Tenant does not cure the default within a reasonable time, but not later than thirty (30) days after written notice of default; or if Tenant makes any *assignment for the benefit of creditors,* commits any *act of bankruptcy* or files a petition under any bankruptcy or insolvency law, or if such a petition filed against Tenant is not dismissed within ninety (90) days; or if a *receiver or similar officer becomes entitled to this leasehold;* or if Tenant's interest in this Lease is taken on *execution or other process of law* in any action against Tenant; or if the Leased Premises are *levied upon by any revenue officer* or similar officer; or if Tenant does, or permits to be done, any act which creates *a mechanic's lien or claim therefor* against the land or building of which the Leased Premises are a part which are not discharged or provisions made for payment thereof within thirty (30) days or *Tenant does not comply with the provisions of Section 8.2(G)* [sic]. * * *" (Emphasis added.)

[2] No "Section 8.2(G)," in fact, appears in the lease text; of course, it is thus unclear which particular covenant, if any, the parties intended to make a specific condition which could result in forfeiture.

[3] See footnote 1. It is clear that breach of the covenant for mandated hours of operation is not one of the covenants for which the remedy of forfeiture is provided. *Inclusio unius est*

I would further add this maxim: Equity abhors a forfeiture. Lease covenants will not be extended by implication to sustain a claim of forfeiture. A court is obligated to construe a forfeiture provision against the party who seeks the forfeiture. *Peppe* v. *Knoepp* (1956), 103 Ohio App. 223; *Dietrich* v. *Ezra Smith Co.* (1920), 12 Ohio App. 243; *Thomas* v. *Kirkbride* (1897), 15 Ohio C.C. 294, 8 Ohio C.D. 181, affirmed (1899), 60 Ohio St. 620; *Hawthorne* v. *Cassidy* (1965), 175 Neb. 245, 137 N.W. 2d 818.

Moreover, equity bars a forfeiture where, as here, the tenant cured its breach of the lease. The tenant cured the breach on March 26, 1982, by returning to normal hours of operation. See *Southern Hotel Co.* v. *Miscott, Inc.* (1975), 44 Ohio App. 2d 217 [73 O.O.2d 235]; *Reck* v. *Daley* (1943), 72 Ohio App. 307. To determine whether a forfeiture should be declared, courts must balance the equities.

In this case plaintiff Freed failed to prove any loss as a result of defendant's inability to stay open a few extra hours for a few months during inclement weather when the Cassinelli Square shopping mall containing defendant's store was surrounded by a litter of vacant stores. A tenant has the right to an application of the equitable rule that relieves the tenant of a forfeiture of a valuable lease when a default has not prejudiced the landlord. *J.N.A. Realty Corp.* v. *Cross Bay Chelsea, Inc.* (1977), 42 N.Y. 2d 392, 366 N.E. 2d 1313.

In the court of appeals below, Judge John W. Keefe, dissenting, cogently and succinctly analyzed the facts and applicable law. He correctly stated there was an abuse of discretion by the trial court, and perspicaciously stated:

"'* * * Cassinelli-Stuarts' deviation from the established business hours of the mall amounted only to *eleven hours* of each seventy-one hour business week over a period of *approximately two months*. The life of the subject lease is fifteen (15) years. When the lease was ordered forfeited by the court below late in 1983 the lease had at least six (6) remaining years. * * *

"To me it is clear from these calculations that the technical and minor breach by Stuarts is not a material breach which justifies forfeiture of the leasehold and eviction. *Blenheim Homes* v. *Mathews* (10th Dist. 1963), 119 Ohio App. 44 * * *, also referenced by the majority.

"Forfeiture of a leasehold should not be granted when the equities weigh in favor of the tenant. In my view, under all the circumstances — one of the most significant of which is the duration of the lease and the time remaining thereunder — the equities weighed in favor of the tenant,

*exclusio alterius.* The *per curiam* opinion therefore is wrong where it states, as the hinge upon which it predicates its erroneous judgment, that "the terms of the agreement extend the right of forfeiture to 'any default by tenant.' "

as they were held to do in *Southern Hotel Co.* v. *Miscott, Inc.* (10th Dist. 1975), 44 Ohio App. 2d 217 [73 O.O.2d 235]. * * *

"I find that the trial court here should have denied forfeiture and restitution, notwithstanding the possibility that Cassinelli-Stuarts may be vulnerable to damages, if properly alleged and proven. * * *" I agree with this analysis.

Based on the foregoing, in concurrence with Judge Keefe, I would hold that a mere technical violation of a lease does not warrant the extreme remedy of forfeiture, particularly when such remedy has been specifically applied by the terms of the lease to certain breaches, but not clearly to the breach of the covenant mandating hours of operation at issue in this case. In such circumstances, the trial court's award of forfeiture, in my view, constitutes an abuse of discretion.

Accordingly, I would reverse the judgment of the court of appeals.