[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Temple Restaurant, Inc., is also referred to as New Temple Deli throughout the record.
 JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Defendants-appellants Barbara Wiethe and Barbara Ltd. appeal from the trial court's entry granting judgment to the plaintiff-appellees, Temple Restaurant Inc., Dino Prasinos, and Zoe Prasinos, in an action involving the breach of a commercial lease. Wiethe and Barbara Ltd. raise two assignments of error for our review.
{¶ 3} In the first assignment of error, Wiethe and Barbara Ltd. argue that the trial court abused its discretion when it denied their second motion to amend their answer and counterclaim. We disagree.
{¶ 4} Civ.R. 15(A) provides that after time has expired to amend a pleading as a matter of course, "a party may amend his pleading only by leave of court or by written consent of the adverse party." The rule further provides that "[l]eave of court sh[ould] be freely given when justice so requires." A decision regarding whether to grant a motion for leave to amend a pleading is within the trial court's discretion.[2]
While Civ.R. 15(A) allows for the liberal amendment of pleadings, motions to amend pleadings should be denied if there is evidence of bad faith or undue delay by the movant, undue prejudice to the opposing party,"[3]
or a showing that the amended pleading does not set forth a claim upon which relief can be granted.[4]
{¶ 5} In this case, the trial court refused to allow Wiethe and Barbara Ltd. to amend their answer and counterclaim a second time. They had requested leave to amend their answer to include an affirmative defense based on the doctrine of equitable conversion. Wiethe and Barbara Ltd. had argued that they had an option to purchase the property in question at the time the Prasinos and one of the property owners, Dr. Raymond Fine, entered into a lease agreement on September 18, 1998, and that because they were not involved in this lease agreement, they "were not a chargeable party to the lease contract." Wiethe and Barbara Ltd. had also requested permission to amend their counterclaim to include a claim for equitable conversion. They had requested that the trial court permit them to include a prayer for relief in their counterclaim that would have allowed them to eject the Prasinos and Temple Restaurant from the property in the event they prevailed on this counterclaim at trial.
{¶ 6} The Prasinos and Temple Restaurant argue that the trial court did not abuse its discretion because Wiethe and Barbara Ltd. had not joined the proper parties or pleaded facts that would have supported their equitable-conversion claim. They also argue that the motion for leave to file was not timely because it was filed after discovery had been completed and over two years after the original complaint had been filed.
{¶ 7} Having reviewed the record, we hold that the trial court did not err in refusing to grant leave for the filing of a second amended answer and counterclaim. Although the trial court did not provide its reasoning for denying the motion, it could have denied the motion for the following reasons. First, the proposed counterclaim did not set forth a claim upon which relief could be granted, because the doctrine of equitable conversion does not apply between a property owner and a tenant. It only applies to the vendor and the vendee under a real-estate contract.[5] Thus, we agree that had Wiethe and Barbara Ltd. wished to pursue such a claim, they should have joined Dr. and Mrs. Fine, who were the vendors to the real estate purchase contract, as parties to the case. Additionally, the trial court could have reasoned that allowing the Wiethe and Barbara Ltd. to amend their answer and counterclaim would have unduly prejudiced the Prasinos and Temple Restaurant because discovery had already been completed, the court had already ruled upon the parties' respective motions for summary judgment, and it had already permitted Wiethe and Barbara Ltd. to amend their counterclaim and answer once thereafter.[6] Because the trial court did not abuse its discretion in denying the motion for leave to file a second amended answer and counterclaim, we overrule the first assignment of error.
{¶ 8} In their second assignment of error, Wiethe and Barbara Ltd. argue that the trial court erred as a matter of law when it failed to find that the Prasinos and Temple Restaurant had materially breached the lease agreement by failing to provide them, as their lessor, with a copy of their insurance policy within the prescribed thirty-day time limit. While Temple Restaurant and the Prasinos do not dispute that the failure to provide a copy of their insurance policy to Wiethe and Barbara Ltd. within thirty days was a breach of the lease agreement, they contend that the breach was not material because they had always maintained insurance on the premises.
{¶ 9} Generally, an insubstantial or technical breach of a lease will not limit the obligations of the parties thereunder.[7] Whether a breach is material is ordinarily a question of fact.[8] In determining whether an alleged breach is material, the factfinder must consider all of the circumstances of the particular case, including the conduct and relationship of the parties.[9]
{¶ 10} The record reveals that on April 15, 1999, Wiethe purchased a one-half interest in the real estate and buildings located at 118-120 West Sixth Street, Cincinnati, Ohio. On July 16, 1999, she transferred that one-half interest to Barbara Ltd. On August 16, 1999, Wiethe purchased the second-half of the real estate and buildings at 118-120 West Sixth Street. When Wiethe purchased the building, she did so subject to a 1998 lease that the building's former owner, Dr. Raymond Fine, had negotiated with the Prasinos for 120 West Sixth Street, Cincinnati, Ohio.[10] The Prasinos subsequently assigned the lease to the New Temple Deli.
 Paragraph six of that lease agreement provided the following in part:
 INSURANCE_ Lessee covenants and agrees that Lessee will, at all time [sic], at Lessee's cost, keep the demised premises and improvements on the demised premises insured against loss by fire, with extended coverage for the full repair value, and will keep all such insurance in full force and effect during the entire term of this Lease or any renewal term. Lessor shall be named as an additional insured on such policy and shall be provided with a copy thereof.
 Paragraph 16 of the lease further provided that the lessee would be in default if the lessee failed to perform any of the terms, conditions or covenants of the lease for more than thirty days after the lessor had mailed written notice of such default to the lessee
{¶ 11} On July 2, July 6, and July 12, 1999, Wiethe wrote to the Prasinsos, Temple Restaurant, and their attorney and asked them to forward her a copy of their insurance policy. The record reveals that although the Prasinos and Temple Restaurant had insurance coverage on the premises from May 1, 1999, through May 1, 2000, and that Wiethe and/or Barbara Ltd. was listed as an additional insured on that policy as of August 1, 1999, Wiethe was not provided with a copy of the policy until February 2000.
{¶ 12} Having reviewed the record, we agree with the trial court that the Prasinos' failure to timely deliver a copy of their insurance policy constituted merely a technical breach of the lease, when the evidence revealed that the Prasinos and Temple Restaurant had insurance coverage on the premises during the time that Wiethe and/or Barbara Ltd. took ownership of the building and thereafter. The evidence also showed that Wiethe and/or Barbara Ltd. was listed as an additional insured on the policy. In light of these facts and circumstances, we cannot say that Temple Restaurant and the Prasinos's failure to hand-deliver the policy within the thirty-day time limit warranted the extreme remedy of forfeiture of the leasehold and eviction. Furthermore, equity bars a forfeiture where, as here, Temple Restaurant and the Prasinos cured the breach when they provided Wiethe and Barbara Ltd with a copy of the insurance policy in February 2000.[11] Additionally, Wiethe and Barbara Ltd. failed to demonstrate how the Temple Restaurant's and the Prasinos' failure to deliver a copy of their insurance policy was related to Wiethe's expenditure of $654 for an insurance policy for a real-estate closing. Thus, the trial court did not err in granting judgment to Temple Restaurant and the Prasinos on count one of Wiethe and Barbara Ltd.'s counterclaim. Consequently, we overrule the second assignment of error and affirm the judgment of the trial court.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Sundermann, JJ.
[2] See Wilmington Steel Products v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 121-22, 573 N.E.2d 622.
[3] Turner v. Cent. Local School Dist., 85 Ohio St.3d 95, 99,1999-Ohio-207, 706 N.E.2d 1261 citing, Hoover v. Sumlin (1984),12 Ohio St.3d 1, 465 N.E.2d 377, paragraph two of the syllabus.
[4] Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175,297 N.E.2d 113.
[5] See e.g., McCombs v. Howard (1868), 18 OS 422; Gilbert v. Port
(1876), 28 OS 276.
[6] See Cunningham v. Cunningham, 9th Dist. No. 01CA007938, 2002-Ohio-2647.
[7] See, e.g., Software Clearing House, Inc. v. Intrak, Inc. (1990),66 Ohio App.3d 163, 170, 583 N.E.2d 1056.
[8] Bradley v. Pentajay Homes (July 3, 1991), 4th Dist. No. CA 1458, unreported, citing Farnsworth, Contracts (1982) 627-628, Section 8.16; 6 Williston, Law of Contracts (3 Ed. 1962) 297, Section 866.
[9] See Software Clearing House, supra; 2 Restatement of the Law 2d, Contracts (1981) 237, Section 241.
[10] See Fello v. Fenton Investment Co. (Feb. 9, 1978), 8th Dist. No. 36978 ("[A] purchaser for value with notice of the occupancy of a lessee takes subject to the equitable rights of the lessee to enforce the lease against the original lessor.).
[11] See Southern Hotel Co. v. Miscott, Inc. (1975), 44 Ohio App.2d 217,222, 337 N.E.2d 660; Reck v. Daley (1943), 72 Ohio App. 307,48 N.E.2d 879.