## GREENBRIAR ESTATES

v.

## EBERLE et al.

2005-Ohio-1139.]

Clermont County Municipal Court,
Civil Division.

No. 2004–CVG–04086.

Decided Jan. 3, 2005.

Gary Knepp, for plaintiff.

Curt Hartman, for defendants.

VICTOR M. HADDAD, Judge.

{¶ 1} On December 7, 2004, this matter came before the court for oral argument on the defendants' objections to the magistrate's decision, which the defendant Robert Eberle timely filed on October 22, 2004. The plaintiff was represented by attorney Gary Knepp, and the defendants were present and represented by attorney Curt Hartman. Upon hearing oral argument, the court took the matter under advisement and now renders the following decision.

## FINDINGS OF FACT

{¶ 2} The defendants object to the magistrate's decision filed October 8, 2004, in which the plaintiff landlord was granted a writ of restitution based upon the defendants' nonpayment of rent for the months of August and September 2004. The writ of restitution was stayed pending the outcome of these objections. The defendant Robert Eberle submits that he attempted to tender his August rent on August 9 but that the park manager would not accept his rent. The magistrate found in favor of the plaintiff, based upon a finding that the defendant failed to tender his August rent. On objection, Eberle argues that he was not actually required to tender the rent, since tender would have been futile.

{¶ 3} Eberle went to the rental office on August 9, 2004, with his checkbook, in order to pay the August rent. There is no evidence that he went to the office for any other reason that day than to pay the rent. When he arrived at the office, the park manager, Pam Tyner, started the conversation by informing him that she would not accept his rent payment until he coated the roof of his mobile home. The evidence on the record does not indicate that the plaintiff could impose such a condition precedent upon the defendants.

{¶ 4} Sometime between August 9, 2004, and September 7, 2004, the defendants performed the requested maintenance work on their roof. The defendant Jane Andrews then dropped off their August rent payment in the office on September 7, 2004. The manager sent this payment back to the defendants, indicating that she would not accept this payment, because an eviction action had already been initiated against them. Not knowing that the August rent payment was being returned to them, Jane Andrews dropped off the September rent payment on September 10, 2004, at approximately 7:00 a.m. Andrews testified that she had added a $15 late payment fee to the September rent check. The manager returned the September rent payment to Eberle in person on September 11 when Eberle went to talk to her about the eviction notice he had just received in the mail.

{¶ 5} At trial, Tyner testified that she would accept any tenant's rent payment until the tenth day of the month. After the tenth of the month, any tenant wanting to make a late rent payment would first have to obtain the written authorization of the general manager, Don Frazier, before she could accept the rent payment. Tyner denied having a conversation with Eberle on August 9 regarding the conditional acceptance of the rent check.

{¶ 6} The court finds Eberle's account of what occurred on August 9 to be convincing for several reasons. First of all, it would not make sense for Eberle to go to the rental office with the intention of paying the rent and then leave without paying the rent, unless he was dissuaded from making his payment once inside the office. Second, Eberle had purchased his trailer with a rusty roof in November 2003 and had not coated his roof prior to August 2004. So what, other than a directive from the landlord, would prompt him to work on his roof in August or September, when he appeared to be in no hurry to fix it prior to that time? Third, Eberle acted in conformity with his testimony, i.e., he paid the August rent once he finished coating his roof. Last, if the conversation between Eberle and the park manager had taken place after August 10, then the roof would not have been an issue at all. The park manager could simply have indicated that it was too late to accept payment because plaintiff was initiating eviction proceedings or that the general manager would have to provide prior written approval for the acceptance of late rent.

## CONCLUSIONS OF LAW

{¶ 7} A magistrate has been viewed as "an arm of the court" whose decisions carry a "presumption of correctness," but the trial court is by no means required to adopt the decision of a magistrate. *Cox v. Cox* (Feb. 16, 1999), Fayette App. No. CA98–05–0007, 1999 WL 74573, at 3. When a party objects to the report of a magistrate, the court must conduct an independent analysis to ascertain whether the magistrate has properly determined the factual issues and then appropriately applied the law to those factual findings. *Inman v. Inman* (1995), 101 Ohio App.3d 115, 655 N.E.2d 199. The court's review of the record is de novo. *Cox*, supra. Upon review, the court may then "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instruction, or hear the matter." Civ.R. 53(E)(4)(b).

{¶ 8} The law does not require a vain or useless act. *George Wiedemann Brewing Co. v. Maxwell* (1908), 78 Ohio St. 54, 66, 84 N.E. 595; *Clarence Mining, Inc. v. Hanner* (June 8, 1981), Tuscarawas App. No. CA–1503, 1981 WL 6294. The law is clear that a tender will be excused where it would be a vain and useless act. *Home Fed. S. & L. Assn. v. Baehren* (June 6, 1986), Lucas App. No. L–85–286, 1986 WL 6280, at 4; *Recreational Lands, Inc. v. Conrad* (May 7,

1981), Hocking App. No. 349, 1981 WL 5924, at 1. "[W]henever the act of one party to whom another is bound to tender money * * * indicates clearly that the tender if made would not be accepted, the other party is excused from making it." *Ruhlen v. Columbus First Realty Co.* (May 17, 1985), Hardin App. No. 6–83–13, 1985 WL 9146, quoting 18 Ohio Jurisprudence 3d (1980) 117, Contracts, Section 212.

{¶ 9} The court finds merit in the defendants' argument that they should be excused from proving actual tender of the August rent payment. Eberle went to the rental office on August 9, 2004, for the purpose of paying the rent. The park manager immediately made it clear that she would not accept the rent. Under these circumstances, it would have been futile for Eberle to write a check and leave it in the office. No doubt that check would have been returned to the defendants, just like the other two rent payments in September.

{¶ 10} The failure on the part of one party to perform in accordance with a lease will be excused where performance is prevented by the other party to the lease. *Professional Investments of Am., Inc. v. Ross* (Dec. 9, 1982), Cuyahoga App. No.44540, 1982 WL 2579. The court finds it inappropriate to grant a writ of restitution for the nonpayment of rent where, as here, the defendants' attempts to make rent payments were rejected by the landlord.

{¶ 11} Although the magistrate suggested that the defendants should have deposited their rent with the clerk of courts, the court is not aware of any authority that required the defendants to take such measures. Furthermore, it does not appear that R.C. 3733.12, the rent escrow statute for manufactured-home parks, was meant to apply to this sort of situation. R.C. 3733.12 was not meant to resolve all disputes that may arise between a landlord and a tenant. *Rex Hill, Inc. v. Cherry* (May 29, 1991), Wayne App. No. 2588, 1991 WL 95243.

{¶ 12} A court of equity does not require idle acts. *Murphy v. Porter* (1952), 114 N.E.2d 89, 96, 64 Ohio Law Abs. 118. In a proper case, the court may exercise its equitable jurisdiction in order to grant relief from the forfeiture of a lease for nonpayment of rent. *S. Hotel Co. v. Miscott, Inc.* (1975), 44 Ohio App.2d 217, 221, 73 O.O.2d 235, 337 N.E.2d 660. The defendants are asking the court to exercise its equitable jurisdiction and rule that actual tender of the rent payment was unnecessary. The court has jurisdiction to address equitable defenses in forcible entry and detainer cases. *Bella Vista Apts. v. Herzner*, 125 Ohio Misc.2d 1, 2003-Ohio-4872, 796 N.E.2d 593, at ¶ 7. Indeed, when equitable defenses are raised, it would be error for the court to impose a forfeiture without first weighing the equitable considerations. Id.

16

{¶ 13} Equity abhors the forfeiture of a lease. *Pepper Pike Properties Ltd. Partnership v. Wilson* (May 31, 2002), Cuyahoga App. No. 79711, 2002 WL 199902, at 5, citing *Joseph J. Freed & Assoc., Inc. v. Cassinelli Apparel Corp.* (1986), 23 Ohio St.3d 94, 96, 23 OBR 255, 491 N.E.2d 1109. A tenant may be relieved from the harsh consequences of a forfeiture where monetary damages will adequately compensate the landlord. *Gorsuch Homes, Inc. v. Wooten* (1992), 73 Ohio App.3d 426, 597 N.E.2d 554. This should hold particularly true when the court is asked to grant a writ of restitution against a tenant in a mobile home park. The Supreme Court of Ohio and the Ohio legislature have both recognized that the mobile home tenant may be in need of extra protection from eviction proceedings. For example, see *Schwartz v. McAtee* (1986), 22 Ohio St.3d 14, 22 OBR 12, 488 N.E.2d 479, in which the Supreme Court of Ohio noted: "When an apartment or home tenant is evicted, the tenant simply needs to move his belongings to his new home. While this may present some difficulties, they are insignificant when compared to the dilemma faced by the manufactured home tenant who may be unable to find another park and who faces expensive storage or prohibitive moving costs. Clearly, in many instances 'mobile' homes are not mobile at all. In reality, they are *immobile homes*." Id. at 18, 22 OBR 12, 488 N.E.2d 479.

{¶ 14} The court has the obligation to carefully weigh the equitable considerations in this case. On one hand, the plaintiff has not received the rent it is entitled to receive. From the evidence presented, it appears that a monetary award rendered in favor of the plaintiff would adequately compensate the plaintiff. On the other hand, eviction would force the tenants to find another manufactured-home park that would accept their older model trailer, and possibly incur steep expenses for moving and/or storage in the process. The equities in this case, based upon the competent, credible evidence, weigh most heavily in favor of the defendants.

{¶ 15} In conclusion, the court finds merit in the defendants' objections and accordingly rejects the decision of the magistrate. The plaintiff is unable to sustain its burden of proof and is hereby denied restitution of the premises described in the complaint. The court grants judgment to the defendant on the writ of restitution.

{¶ 16} This case shall be set for a second cause of action on January 25, 2005, at 1:00 P.M.

So ordered.