DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Shamoon, Inc. ("Shamoon"), appeals the judgment of the Toledo Municipal Court, which awarded possession of premises leased to Shamoon by appellee, Talal Esho.
 {¶ 2} The parties entered into a lease agreement on October 7, 2005. The lease was for a term of five years and for property at 3100 North Detroit Avenue in Toledo, Ohio. The lease identifies the lessee as "SHAMOON, INC. a corporation organized and *Page 2 
existing under the laws of the State of Ohio, 3100 N. Detroit Ave., Toledo, OH 43610." This is the only address listed for appellant on the lease.
 {¶ 3} Shamoon leased the property in order to operate a gas station. Majid Shamoon ("Majid") testified that he is the president of Shamoon, and that his brother, Ghassan Shamoon ("Ghassan"), was the manager of the gas station and "responsible to run the whole show himself." Majid testified that his brother usually took care of everything, but in certain cases his brother would refer important matters to him.
 {¶ 4} Ghassan suffered a stroke in September 2004. Majid assumed responsibilities and made lease payments for the months of September and October 2004. Ghassan came back to work in November 2004, resumed responsibility for lease payments, and made the lease payment for that month. Ghassan's responsibility for making the lease payments continued until February 2005 when he failed to pay the rent due on February 7, 2005.
 {¶ 5} On February 14, 2005, appellee sent notice of default to 3100 North Detroit Avenue. The notice of default contained the salutation "Dear Mr. and Mrs. Shamoon." Appellee attached a certified mail receipt to the notice with the names "Ghassan Gazi Shamoon/Majid Shamoon" in the address section of the receipt.
 {¶ 6} Appellant continued in default and did not tender payment for the months of March or April 2005. Appellee posted a "NOTICE TO LEAVE PREMISES" on an outside door at 3100 North Detroit Avenue on April 19, 2005. Appellant attempted to tender late payment for the defaulted months, including penalty, on April 21, 2005. *Page 3 
Appellee did not cash these checks, and on April 28, 2005, appellee filed for eviction in Toledo Municipal Court.
 {¶ 7} On May 25, 2005, a magistrate entered judgment in favor of appellee. Appellant filed objections and a motion to vacate the earlier judgment. After a hearing before the trial court, the magistrate's award of possession was affirmed on May 8, 2006. Appellant appeals that judgment and raises one assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED IN HOLDING THAT PROPER NOTICE WAS SERVED UPON THE DEFENDANT-APPELLANT IN ACCORDANCE WITH STATUTORY REQUIREMENTS, DISREGARDING THE CONDITION PRECEDENT REQUIRED BY THE UNDERLYNG CONTRACT OF WRITTEN NOTICE TO THE SOLE LESSEE BY REGISTERED FOR CERTIFIED MAIL."
 {¶ 9} We analyze the findings of the lower court to determine whether they are against the manifest weight of the evidence. Jaeger v.Goldzwig (App. 1944), 30 O.O. 142. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris. Co. v. Foley Const.Co. (1978), 54 Ohio St.2d 279, 280.
 {¶ 10} Appellant argues that appellee failed to properly serve notice of default on Shamoon, Inc. Appellant argues that this case is about a specific lease, "not a statutory issue of service." Nevertheless, in its answer, appellant admitted to the "allegations contained in paragraph five(5) of the Plaintiffs Complaint," which states that written notice of default was sent "as required by the Lease." Put quite simply inRhoden v Akron, "[i]t is elementary in the law of pleading that an admission in a pleading dispenses *Page 4 
with proof and is equivalent to proof of the fact." Rhoden v. Akron
(1988), 61 Ohio App.3d 725, 727. Based on appellant's admission, we conclude that the lower court did not err in finding that proper notice was served. Even in the absence of this admission, however, appellant's argument still fails.
 {¶ 11} Appellant argues that appellee did not satisfy the terms of this particular lease agreement when giving notice of default. The first place to look when determining the intent of the parties is the agreement itself, or the "four corners of the contract." Inland RefuseTransfer Co. v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322. The lease provides for written notice if the lessee "fails to keep and perform any of the covenants and agreements." The lease further states that "notices, demands, and requests shall be sent by U.S. Registered or Certified Mail, postage prepaid." Appellant correctly points out the absence of a specific address term for purposes of notice. However, within the four corners of the document, appellant is identified as "SHAMOON, INC. a corporation organized and existing under the laws of the State of Ohio, 3100 N. Detroit Ave., Toledo, OH 43610." Appellee introduced a copy of the notice of default mailed to "3100 N. Detroit Avenue" along with a certified mail receipt. Notice of default sent by certified mail to the address listed on the lease satisfied the language of this particular lease.
 {¶ 12} The lessor must comply with statutory requirements, in addition to the lease's requirements, when canceling the lease. R.C. 1923.04
requires a lessor to provide notice to vacate three or more days before commencing action for possession. One way *Page 5 
of providing notice to the lessee is "by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted." R.C. 1923.04(A). Posting notice on an outside door of the premises from which the tenant is to be evicted meets the requirements of the statute, unless there is evidence that notices have been removed from other doors in the area. Cincinnati Metro. Hous. Auth. v.Morgan, 104 Ohio St.3d 445, 2004-Ohio-6554, ¶ 8-9. Appellant presented no evidence that notices have been removed from doors in the 3100 North Detroit Avenue area. The trial court did not err in finding that notice to vacate in this case comported with R.C. 1923.04.
 {¶ 13} Finally, appellant argues that the lower court erred in awarding forfeiture against the appellant. Courts have the power to consider equitable defenses in deciding whether to award forfeiture.Southern Hotel Co. v. Miscott, Inc. (1975), 44 Ohio App.2d 217, 221. Courts must balance all of the equitable circumstances to determine whether forfeiture should be declared. Id. at 222. This is a fact specific analysis and "no one equitable maxim provides a complete answer" to every case. Id. Courts have recognized inadvertence as an equitable defense against forfeiture. Gould v. Hyatt (App. 1926), 4 Ohio Law Abs. 468. In Gould, a default occurred as a result of a misunderstanding while both parties to the lease were out of town. Id.
 {¶ 14} Appellant points to the following equitable considerations. Ghassan suffered a stroke in September 2004, and Majid testified as to Ghassan's month-long hospital stay and poor health condition following the stroke. Poor health, particularly a stroke and extended hospital stay, could lead to inadvertent failure to make lease *Page 6 
payments; however, Majid took over making lease payments for the months of September and October 2004, immediately following Ghassan's stroke. Majid then allowed Ghassan to resume his duties as manager and make the lease payments in November 2004, continuing until the February 2005 default. Majid did not mention any lingering stroke-related conditions, or conditions arising after Ghassan successfully resumed duties as manager, that would render failure to pay an inadvertence. In these circumstances, the lower court did not err in awarding forfeiture against appellant.
 {¶ 15} Appellant's assignment of error is not well-taken. For the foregoing reasons, we affirm the judgment of the trial court. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J, Thomas J. Osowik, J. CONCUR. *Page 1