OPINION
{¶ 1} This is an appeal from a summary judgment granted by the Court of Common Pleas of Stark County arising out of an action by Stark Commons, Ltd. (Lessor) asserting default by Lessee Stein Mart under a lease between the parties as to retail store space in a shopping center.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} About July 23, 1996, Lessor and Lessee entered into a fifteen year lease with three five-year options to renew of 36,000 square feet of commercial retail store space in "The Strip", a shopping center in Stark County near North Canton, Ohio.
{¶ 3} The lease provided for monthly payments of $20,000.00, plus a pro-rata share of maintenance, real estate taxes and insurance of the shopping center, known as common area maintenance expenses or CAM.
{¶ 4} The issue involved in the asserted default by Lessee relate to CAM payment.
{¶ 5} The lease provided that CAM charges would be billed annually to Lessee 120 days following the lease inception anniversary with a reconciliation as to the amount determination.
{¶ 6} Such was done by Lessor at the first anniversary but from 1998 through 2000. Lessor failed to include the insurance bills with the CAM.
{¶ 7} In June, 2002, Lessor billed Lessee for six years of insurance payments.
{¶ 8} The lease provided with respect to such charges the following in Section 22:
{¶ 9} "* * * if Appellant failed to:
{¶ 10} "pay the rent or any other sums payable by Lessee at the time and in the amount stated and such default shall continue for a period of ten (10) days after written notice thereo . . . Lessor may at Lessor's option, in addition to all other rights remedies available at law or in equity (i) terminate this Lease or Lessee's right of possession and in either event re-enter the premises."
{¶ 11} Certain communications followed with default notice resulting when payment for the insurance billing did not produce results within the lease time period specified.
{¶ 12} The court granted summary judgment in favor of the Lessor.
{¶ 13} The following five Assignments of Error are raised by Appellant:
 ASSIGNMENTS OF ERROR
{¶ 14} I. "The trial court erred in granting plaintiff's motion for summary judgment based upon the express terms of the lease which require defendant to reimburse plaintiff annually.
{¶ 15} II. "Summary judgment was improper based upon the undisputed course of conduct between the parties, which defense, as a matter of law, raises issues of fact which preclude summary judgment.
{¶ 16} III. "Summary judgment was improper because defendant's failure to retroactively pay 6 years of insurance reimbursement within thirty days was not a material breach, which defense, as a matter of law, raises issues of fact which preclude summary judgment.
{¶ 17} IV. "Summary judgment was improper based upon the defense of estoppel, equitable estoppel, waiver and laches, which defenses, as a matter of law, raise issues of fact which preclude summary judgment.
{¶ 18} V. "Summary judgment was improper based upon the doctrine of unclean hands, which defense, as a matter of law, raises issues of fact which preclude summary judgment."
 I, II, III, IV, V
{¶ 19} We shall review each of the Assignments of Error simultaneously as each challenges the trial court's granting of summary judgment.
{¶ 20} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
{¶ 21} Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
{¶ 22} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
{¶ 23} It is based upon this standard we review appellant's assignment of error.
{¶ 24} Appellant raises one Assignment of Error with several propositions of law and fact in support of the purported error of the trial court in granting the Civ.R. 56 motion.
{¶ 25} The same arguments contained in Appellant's Brief in support of its Assignment of Error were also presented to the trial court in opposition to Appellee's Motion for Summary Judgment, to-wit: Only annual billings were enforceable, course of conduct, lack of a material breach, estoppel, waiver, laches and unclean hands.
{¶ 26} The trial court, as we have done, reviewed the procedural history once billing occurred as no dispute exists as to the language of paragraph 9 of the lease nor as to the fact that annual billings did not take place.
{¶ 27} On June 18, 2003, Appellee issued its insurance billing, with documentation. No response, nor communication as to a monetary dispute was received within the thirty-day provision. On August 6, 2003, another payment request was sent. Again, there was a complete lack of response.
{¶ 28} A third demand was issued on August 19, 2003. This contained the default notification provided by paragraph 22 of the lease which provided ten days further grace. Appellant again did not respond. The transcript on Page 16 confirms these attempts.
{¶ 29} Not until September 10, 2003, was a notice to vacate with lease termination sent. Another such notice was issued on September 12, 2003. Suit followed. After such action, the first response was received from Appellant.
{¶ 30} The trial court, after evidence drew the following conclusions:
{¶ 31} "* * * [T]here is no genuine issue of material fact * * * there was no requirement in the Lease Agreement that Stark Commons invoice Stein Mart on an annual basis.
{¶ 32} "Stein Mart also argues * * * a course of conduct * * *. This Court finds that such a position is not supported by the evidence.
{¶ 33} "§ 29 of the Lease Agreement provides, as follows:
{¶ 34} "No Waiver. Failure of either party to insist upon the strict performance of any provision of this Lease or to exercise any option or enforce any rules and regulations shall not be construed as a waiver in the future of any such provision, rule or option.
{¶ 35} "* * * the situation involving the CAM charges and that involving the insurance charges is completely different, so as to not give Stein Mart a viable argument of `course of conduct' as an excuse to ignore the clear and unambiguous provisions of the Lease Agreement.
{¶ 36} "* * * Stein Mart's argument that breach of its obligation to pay its pro rata share of the insurance expenses is not a material breach * * * ignores the clear and unambiguous language of the Lease Agreement. Specifically, § 22(a) * * *.
{¶ 37} "[T]he evidence does not support, or create a genuine issue of material fact, as to Stein Mart's defenses of estoppel, waiver, laches, or unclean hands."
{¶ 38} In reviewing the transcript, we must agree with the reasoning of Judge Lioi.
{¶ 39} If a genuine dispute as to the billing and appropriate substantiation were present, Appellant could have so indicated and if an inadequate response was received, it could have requested court intervention.
{¶ 40} Instead, it did nothing.
{¶ 41} This Court in DeHoff Agency, Inc. v. First NationalSupermarkets (July 28, 1997), 5th Dist. App. No. 96CA0392, reviewed a similar termination of a commercial lease including the Ohio Supreme Court's opinion, also as to a commercial lease, of Joseph Freed and Associates, Inc. v. Cassinelli ApparelCorporation (1986), 23 Ohio St.3d 94 and held:
{¶ 42} "The Supreme Court noted the crucial issue presented was whether the trial court abused its discretion when it weighted the equity of the situation in favor of the lessor to enforce its contractual right of forfeiture, Freed at 96. The Supreme Court noted it had frequently defined the term `abuse of discretion' as implying the court's attitude is unreasonable, arbitrary or unconscionable, Freed at 97, citations deleted. The Supreme Court concluded forfeiture was appropriate under the facts and circumstances of the case.
{¶ 43} "In the case at bar, the trial court found the parties to this lease were sophisticated, represented by counsel, and bargaining at arm's length from equal bargaining positions. The court further found the language of the lease agreement was clear and unambiguous, and intended by the parties to control their business relationship.
{¶ 44} "Mindful of the Supreme Court mandate, we find we cannot substitute our judgment for that of the trial court, but rather, must determine if the trial court acted unreasonably, arbitrarily or unconscionably."
{¶ 45} In the case, sub judice, the lease terms were specific but Appellant chose to let these events occur. A failure of action by Appellant rather than by an incorrect interpretation of the evidence resulted.
{¶ 46} The Assignment of Error, with its several branches, is denied.
{¶ 47} This cause is affirmed at Appellant's costs.
Boggins, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to Appellant.